## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **HSBC BANK USA, N.A.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 12 C 10397** |
| | ) | |
| **MIGUEL A. AGUILAR, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff's motion for summary judgment.
For the reasons stated below, the motion for summary judgment is granted.

## BACKGROUND

On January 26, 2007, Structure Funding (Structure) allegedly lent Defendant
Miguel A. Aguilar (Aguilar) $119,200.00 in accordance with the terms of a
promissory note (Note), and such loan was secured by certain real property. In
February 2007 MERS, Inc. (MERS), as nominee for Structure, allegedly secured its
interest in the Note by recording a mortgage (Mortgage), and in November 2012,
MERS, as nominee for Structure, allegedly executed an assignment of the Mortgage
to Plaintiff.

1

Plaintiff contends that Aguilar has not made any payments on the Note since July 2012. On December 28, 2012, Plaintiff brought the instant action to foreclose on the Mortgage. On March 14, 2013, Aguilar and Defendant Martha Ramirez (Ramirez) (collectively referred to as "Opposing Defendants") filed an answer to the complaint. On May 13, 2013, Plaintiff filed the instant motion for summary judgment. Only Opposing Defendants have filed a response to the instant motion.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine issue" of material fact in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in the light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

2

**DISCUSSION**

I.  Undisputed Facts

Pursuant to Local Rule 56.1, none of Plaintiff's statement of facts are disputed by Defendants.   Opposing Defendants respond to certain facts in Plaintiff's statement of facts with "Deny," without including any citation to the record to support such denials.  (R SF Par. 11-16).   Such a response is deemed to be an admission pursuant to Local Rule 56.1.  *See Donald v. Portillo's Hot Dogs, Inc.*, 2013 WL 3834402, at *3 (N.D. Ill. 2013)(explaining that "[i]f the opposing party denies a fact as true, [Local Rule 56.1] requires the opposing party to provide 'specific reference to affidavits, parts of the record, and other supporting materials' that support the denial")(quoting LR 56.1(b)); *see also Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 382 n.2 (7th Cir. 2008)(stating that "a district court has broad discretion to require strict compliance with Local Rule 56.1").  A party cannot show that there are genuinely disputed facts and proceed to trial merely by making cursory and unsupported denials of facts.  *Id.*; *Goodman v. National Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010)(stating that the summary judgment stage of a case is "the 'put up or shut up' moment in litigation").

Therefore, pursuant to Local Rule 56.1, it is undisputed that under the terms of the Note, Aguilar agreed to make certain payments each month, that Aguilar failed to make payments starting in July 2012, that under the terms of the Mortgage, Aguilar

is in default, and that certain remedies sought in this case relating to foreclosure are available to Plaintiff under the terms of the Mortgage.  (SF Par. 1-16).

## II.  Illinois Supreme Court Rule 114

Despite the fact that Opposing Defendants admit that they have failed to make any payments on their Mortgage for over a year, Opposing Defendants argue that Plaintiff is not entitled to judgment, contending that Plaintiff failed to comply with Illinois Supreme Court Rule 114 (Rule 114).  Rule 114 provides in part the following:

> (a) Loss Mitigation.
> For all actions filed under the Illinois Mortgage Foreclosure Law, and where a mortgagor has appeared or filed an answer or other responsive pleading, Plaintiff must, prior to moving for a judgment of foreclosure, comply with the requirements of any loss mitigation program which applies to the subject mortgage loan.
>
> (b) Affidavit Prior to or at the Time of Moving for a Judgment of Foreclosure.  In order to document the compliance required by paragraph (a) above, Plaintiff, prior to or at the time of moving for a judgment of foreclosure, must file an affidavit specifying: (1) Any type of loss mitigation which applies to the subject mortgage; (2) What steps were taken to offer said type of loss mitigation to the mortgagor(s); and (3) The status of any such loss mitigation efforts.

ILCS S. Ct. Rule 114.   Opposing Defendants contend that Plaintiff failed to attach to the instant motion an affidavit of debt in accordance with Rule 114.

Pursuant to the *Erie* doctrine, "federal courts in diversity cases (and any other cases in which state law supplies the rule of decision) apply state 'substantive' law

but federal 'procedural' law." *Gacek v. American Airlines, Inc.*, 614 F.3d 298, 301-02 (7th Cir. 2010). A substantive law "is one motivated by a desire to influence conduct outside the litigation process, such as a desire to deter accidents, while a procedural law is one motivated by a desire to reduce the cost or increase the accuracy of the litigation process, regardless of the substantive basis of the particular litigation." *Gacek*, 614 F.3d at 301-02.

It is apparent that Rule 114 was intended to be procedural law. It is the Illinois Rules of Civil Procedure that grant the Illinois Supreme Court rulemaking authority, authorizing the Supreme court to "provide by *rule for the orderly and expeditious administration* and enforcement of th[e] Act and of the rules, including the striking of pleadings, the dismissal of claims, the entry of defaults, the assessment of costs, the assessment against an offending party of the reasonable expenses, including attorney's fees, which any violation causes another party to incur, or other action that may be appropriate." 735 ILCS 5/1-105 (emphasis added). Illinois Supreme Court Rule 1 specifically acknowledges that the rules are intended to provide procedural rules, indicating that such rules apply "except to the extent that the *procedure* in a particular kind of action is regulated by a statute other than the Civil Practice Law." ILCS S. Ct. Rule 1 (emphasis added). In addition, Rule 114 appears in Article II of "Rules on Civil Proceedings in the Trial Court - Part A. Process and Notice." ILCS S. Ct. Rule 114; *see also e.g., Bachenski v. Malnati*, 11 F.3d 1371, 1380 (7th Cir. 1993)(indicating that the Illinois Supreme Court Rules are the "*procedural* rules of the Illinois courts")(emphasis in original); *Barrett v.*

5

*International Armaments, Inc.*, 1999 WL 199253, at *1 (N.D. Ill. 1999)(indicating that the plaintiff "direct[ed] the court to Illinois state court decisions regarding the effect of admissions and Illinois Supreme Court Rule 201(1)," but that "[i]t is established beyond peradventure that the court must apply federal procedural rules to this diversity case, despite the fact that Illinois substantive law applies").

Opposing Defendants argue that since Rule 114 specifically applies to foreclosure cases, it is a substantive rule. While Rule 114 relates to foreclosure cases, the rule is clearly limited to providing guidance relating to the procedures to follow when a motion seeking a judgment of foreclosure is filed before an Illinois state court. Rule 114 does not create any new parameters in the substantive requirements for proving the elements of a foreclosure action under Illinois law, nor does it impose any requirement on plaintiffs when pursuing a foreclosure action in federal court. Federal procedural law does not require a plaintiff who files a motion for summary judgment in a mortgage foreclosure case to comply with Rule 114. Fed. R. Civ. P. 56. Based on the above, Plaintiff's motion for summary judgment is granted.

**CONCLUSION**

Based on the foregoing analysis, Plaintiff's motion for summary judgment is granted. A judgment of foreclosure is entered in favor of Plaintiff, and the court enters an award of $128,906.56 plus interest of $14.58 per day afer January 23, 2013, and attorneys' fees and costs in the amount of $2,250.50. The court also finds that the Mortgage is a first lien on the property, superior to all other liens in the complaint.


Samuel Der-Yeghiayan
United States District Court Judge


Dated:   August 16, 2013